ANNA C. WREN, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 3, 1907.

1. PASSENGER CARRIERS: Alighting Passenger: Cause of Injury: Instruction. A general instruction that the plaintiff cannot recover if the injury was produced by any other cause than the one pleaded, does not cure an error in refusing an instruction that a recovery would be defeated if the injury was occasioned by a specific cause shown in the evidence, since a party has a right to direct and positive instruction on his theory of defense.

2. TRIAL PRACTICE: Expert Evidence: Suggestions as to New Trial. Suggestions relating to the admission and refusal of evidence on a new trial are offered.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale*, Judge.

REVERSED AND REMANDED.

*John H. Lucas, Ben T. Hardin* and *Halbert H. Mc-Cluer* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. Cramer v. Traction Co., 112 Mo. App. 363; Hurt v. Railroad, 94 Mo. 263; Deming v. Railroad, 80 Mo. App. 156. (2) The court erred in giving plaintiff's instruction number one. See authorities under point I. (3) The court erred in refusing to give defendant's instruction number thirteen. Madison v. Railroad, 60 Mo. App. 608; Gray v. McDonald, 28 Mo. App. 492; Kraft v. McBoyd, 32 Mo. App. 309. (4) The court erred in admitting and rejecting evidence. First: Evidence of Dr. Wedding as to what caused the injury to plaintiff. Second: Rejecting evidence of the witness Frank M. Wilcox, as to when and how cars should be started. Gracy v. Bank, 120 Mo. 161; Lenox v. Harrison, 88 Mo. 496.

*William R. Moore* and *Ellison & Turpin* for respondent.

(1) The petition is sufficient. (2) Plaintiff's instruction number one embodies all of the elements in the case that the jury were required to find in order to entitle plaintiff to recover. (3) Defendant's instruction thirteen contains nothing to which the defendant was entitled which was not included in defendant's instructions numbered 4 and 5, which were given. Connolly v. Printing Co., 166 Mo. 452; State v. Nelson, 166 Mo. 207; State v. Thornhill, 177 Mo. 695. (4) Rulings of court on evidence.

ELLISON, J.—The plaintiff's action is for injuries alleged to have been received by reason of defendant's negligence. She prevailed in the trial court. The negligence charged consisted in starting the car with a

sudden jerk while plaintiff was in the act of alighting by stepping from the platform to the car step in order to reach the street, whereby she was thrown down onto the street. There was evidence tending to support plaintiff's case and there was also evidence tending to support the defense.

A number of objections were taken by defendant which we deem not sound. We think the petition states a cause of action and but for what would seem to be an inadvertent refusal of defendant's instruction number 13, to which it was manifestly entitled, we would see no cause for interference. The evidence showed the car to have been crowded and that plaintiff had some difficulty in making her way to and over the platform as the car stopped. Some one called to the passengers who were standing to make room for her as she wished to get off. While there was ample evidence to support her theory that she was thrown by sudden jerk of the car while in the act of getting upon the step, yet there was other direct and affirmative evidence that she fell by reason of having caught her foot in her dress, or by some one stepping upon her dress. Refused instruction 13, was that if she fell or was thrown down by reason of either of those things, she could not recover.

Plaintiff does not dispute but that the instruction was proper, but does contend that there was no error in its refusal in that it was covered by numbers 4 and 5, which were given. Those instructions were to the effect that plaintiff could only recover on the grounds of negligence charged in the petition and that if she was injured from any other cause she could not recover. They were such general instructions as are given in all this class of cases; and if they cut off the right to any further or direct instructions of specific points of defense the trial of cases of this character would be greatly shortened. It could just as well be argued that plaintiff's instructions made any for defendant unnecessary, for the first one

given informs the jury that in order to find for her if they believe she was thrown by the negligent starting the car by a sudden jerk as she was in the act of stepping off the platform. A party has a right to a direct and positive instruction on his theory or theories of defense when they have evidence tending to support them: [Cahn v. Reid, 18 Mo. App. 115; Gray v. McDonald, 28 Mo. App. 492; Murray v. Transit Co., 176 Mo. 183, 191.] In the first and second of these cases it was said: "The language of Judge Story, in Livingstone v. Ins. Co., 7 Cranch 506-544, approved by this court in Cahn v. Reid, 18 Mo. App. 116, is appropriate here: 'If in any point of law, the defendant was entitled to such direction, the court erred in its refusal, although the direction afterwards given by the court might by inference and argument, in the opinion of this court, be pressed to the same extent. For the party has a right to a direct and positive instruction.'"

On retrial the criticism to the question asked the physician may be obviated. And we think it would have been proper to have permitted the conductor to answer that motorman only started a car upon orders or signal. In the circumstances of the case as developed we do not say that we would hold these matters of enough significance in the trial to have been reversible error, but it would be better to avoid a repetition on retrial.

The judgment is reversed and cause remanded. All concur.